Argued and submitted June 13,
reversed and remanded August 25, 1980

# BREMER,
## *Petitioner,*
### *v.*
# EMPLOYMENT DIVISION et al,
## *Respondents.*

## (No. 79-AB-1184, CA 16773)

615 P2d 1170

Larry T. Coady, Albany, argued the cause for petitioner. With him on the brief was Coady & Moore, Albany.

Al J. Laue, Assistant Attorney General, Salem, argued the cause for respondent, Employment Division. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

No appearance for respondent Sims Fiberglass Co.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this case, as well as in the companion case of *Summerlin v. Employment Division,* 47 Or App 1011, 615 P2d 1174 (1980), the ultimate issue is whether the claimants left work without good cause. ORS 657.176(2)(c), *infra.* The facts in the two cases are almost identical. Both claimants worked for the same employer and the same incident prompted both their departures from work. A consolidated hearing was held on both claims. The cases have been separately briefed and argued before this court, but our discussion herein is equally applicable to both.

Our summary of the facts is derived from the findings of the referee and the Employment Appeals Board. Before their departure, both claimants had worked for some time for the employer, Sims Fiberglass Company, which makes fiberglass water tanks. Claimant Bremer had worked for the employer for almost three years as a laminator. Claimant Summerlin had worked for Sims Fiberglass for about five years. She was employed as a laminator foreman. On September 27, 1979, acetone, a highly volatile flammable solvent, was being used to clean the lunchroom floor. The acetone fumes ignited, and two employees were injured in the resulting fire. The claimants were not injured, but they and other employees fled the plant until the fire was extinguished. Claimant Summerlin left her job the next day. Claimant Bremer left work on October 2, 1979, the following Tuesday.

An authorized representative of the Employment Division determined that the claimants had voluntarily left their work without good cause. The referee reversed and found that the claimants had good cause for leaving. With one member dissenting, the Employment Appeals Board again reversed, holding that the claimants were disqualified pursuant to ORS 657.176(2)(c). We reverse and remand.

ORS 657.176(2)(c) provides:

"(2) If the authorized representative designated by the assistant director finds:

"* * *

"(c) The individual voluntarily left work without good cause, * * *

"* * *

"the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

*See also* ORS 657.176(5).

In *McPherson v. Employment Division,* 285 Or 541, 550, 591 P2d 1381 (1979), the court held that the phrase "good cause" calls for the agency to complete "* * * a value judgment that the legislature itself has only indicated * * *." In *Oliver v. Employment Division,* 40 Or App 487, 595 P2d 1252 (1979), this court held that the Division must express the completed value judgment, and define those terms for whose enforcement it is responsible, in formal rules.

The rule subsequently adopted by the Division to expand on the statutory phrase "good cause" reads as follows:

"(4) Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work." OAR 471-30-038(4).

■      The rules adopted pursuant to *McPherson* and *Oliver* must be reasonably specific. *Oliver v. Employment Division, supra,* 40 Or App at 501. The claimants' first contention on this appeal is that OAR 471-30-038(4) is too vague and general. The claimants ask us to remand for the adoption of a more detailed rule.

We hold that OAR 471-30-038(4) is reasonably specific.

[1134]

The rule does not contain a "laundry" list of specific good causes for leaving work; such a list would have to be as diverse as the circumstances of human employment and the causes of employee dissatisfaction in order to be complete. However,

> "* * * [w]e do not require that the Employment Division be sufficiently prophetic to foresee every possible policy question that can arise in all unemployment compensation cases and supply an answer by rule; unique situations will create unusual questions that necessarily will have to be resolved on a case-by-case basis. * * *." *Oliver v. Employment Division, supra,* 40 Or App at 501.

■ OAR 471-30-038(4), defining "good cause" is reasonably specific because it provides "* * * a clear direction of policy * * *." *Sun Ray Dairy v. OLCC,* 16 Or App 63, 72, 517 P2d 289 (1973). In a reasonably specific fashion, the rule tells those who must apply it how to evaluate whether any particular set of facts is equivalent to "good cause." The rule defines "good cause"

> "* * * in terms which inform the [agency] staff, the applicant and others of the purposes to be achieved in the application of the concept to varying fact situations * * *." *McCann v. OLCC,* 27 Or App 487, 501, 556 P2d 973 (1976), *rev den* (1977).

Having held that the division's rule is sufficiently specific, we turn to the claimants' other challenges. The claimants next assert that the Board's conclusion that they left work without good cause is based upon an erroneous interpretation of ORS 657.176(2)(c) and OAR 471-30-038(4), or upon a finding of fact which is not supported by substantial evidence.[1] Alternatively, the claimants contend that the

---

[1] ORS 183.482(8) provides:

"(8)(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

Board's ultimate conclusion is not consistent with or based on its findings of fact. We agree with this latter contention, which precludes our review of claimants' other objections.

" '[A]n agency [must] demonstrate in its order a rational relationship between the facts and the legal conclusions upon which it acts in each case.' *McCann v. OLCC, [supra],* 27 Or App at 493; *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190-91, 530 P2d 862 (1975). * * *."[2] *Donnell v. Briggs,* 37 Or App 823, 588 P2d 650 (1978).

Here the requisite rational relationship is not reflected in the Board's orders.

The Board's order concerning claimant Bremer reads as follows:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpetation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

[2]"If there is to be any meaningful judicial scrutiny of the activities of an administrative agency—not for the purpose of substituting judicial judgment for administrative judgment but for the purpose of requiring the administrative agency to demonstrate that it has applied the criteria prescribed by statute and by its own regulations and has not acted arbitrarily or on an ad hoc basis—we must require that its order clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes. Brevity is not always a virtue. The less circumscribed an agency is by the legislative grant of power to it and by its own regulations augmenting that grant, the more detailed and precise its explanation of its actions exercising the powers granted to it must be. * * *." *Home Plate, Inc. v. OLCC, supra,* 20 Or App at 190-1.

"FINDINGS OF FACT: (1) The claimant worked as a laminator for this employer from June, 1976 to September 28, 1979, with one seven month break in service. (2) On September 27, 1979, there was a fire at the premises of the employer caused by acetone being used to clean the floors igniting. (3) There was an explosion and the resulting fire injured two employees. (4) The claimant left work alleging that her work area was unsafe.

"CONCLUSION AND REASONS: We do not agree with the referee and find the claimant voluntarily left the work without good cause.

"OAR 471-30-038(4) defining good cause for leaving work requires 'The reason must be of such gravity that the individual has no reasonable alternative but to leave work.' It has not been shown that the claimant investigated any reasonable alternative to leaving this work. Therefore, good cause for leaving work has not been established.

"DECISION: Referee Decision 79-S-2037 served November 26, 1979 is set aside. Claimant is disqualified under ORS 657.176(2)(c) as a result of her separation from work."

The order regarding claimant Summerlin is identical except that it finds that she "worked as a lamination foreman from 1974 to September 27, 1979, with a three month break in service."

■ As the claimants note, there is no link in the Board's orders between its factual findings and its conclusions that "[i]t has not been shown that the claimant investigated any reasonable alternative to leaving this work," or that "good cause for leaving has not been established."

■ The order does not indicate what alternatives the Board felt were available to claimants or whether or why the Board determined those alternatives were reasonable. Indeed, there is no finding of fact as to the availability of *any* alternative. Before the Board may hold that a claimant has failed to consider "reasonable alternatives" to leaving work, it must be found that there were such alternatives. Without such a finding,

the Board's conclusion is not supported by its own findings.

In brief, we cannot conduct "any meaningful scrutiny" of these orders because the orders do not "clearly and precisely state what [the Board] found to be the facts and fully explain why those facts lead [the Board] to the decision[s] it [made]." *Home Plate, Inc. v. OLCC, supra,* 20 Or App at 190-191.

Reversed and remanded.