Argued and submitted August 11, reversed and
remanded September 2, 1980, reconsideration of order
denying petitioner's attorney fees denied May 28,
petition for review of order denying petitioner's
attorney fees allowed June 30, 1981

# DAVIDSON,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION, et al,
*Respondents.*

## (No. 80-AB-167, CA 17206)

616 P2d 540

Tom Steenson, The Dalles, argued the cause for
petitioner. With him on the brief were Christopher
Cadin and Brien Hildebrand, The Dalles.

William Gary, Deputy Solicitor General, argued the cause for respondent Employment Division. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem.

No appearance by respondent Global Housing, Ltd.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

Petitioner was discharged from his employment with Global Housing, Ltd., and seeks judicial review of an Employment Appeals Board decision denying unemployment insurance benefits for misconduct connected with his work under ORS 657.176[1] and OAR 471-30-038. OAR 471-30-038 provides:

> "* * * misconduct is a wilful violation of the standards of behavior which an employer has the right to expect of an employee. An act that amounts to a wilful disregard of an employer's interest or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

Petitioner was employed by Global Housing, Ltd., from November 21 to November 26, 1979. He had previously been employed by the same employer but had been discharged after failing to appear for work for three or four consecutive days. His first scheduled day after being rehired by Global was November 21, 1979. Work was to commence at 7:00 a.m.; however, he arrived at 10:00 a.m. claiming that he had overslept because a power outage at his apartment affected his alarm clock. Due to the intervention of the Thanksgiving holiday, his next scheduled workday was Monday, November 26, 1979. On that day, he was 20 minutes

---

[1] ORS 657.176(2)(a) provides:

"(1) An authorized representative designated by the assistant director shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of his separation, termination, leaving, resignation, or disciplinary suspension from work or as a result of the individual's failure to apply for or accept work and shall promptly enter an assistant director's decision if required by subsection (4) of ORS 657.265.

"(2) If the authorized representative designated by the assistant director finds:

"(a) The individual has been discharged for misconduct connected with his work * * *."

late for work and contended at the time of the hearing that he had telephoned his employer prior to 7:00 a.m. explaining that he would be late because he could not get his car started until he could get someone to "jumper the car." At the hearing before the Employment Division, no representative of the employer appeared and the only evidence offered on behalf of the employer was a handwritten memorandum from the employer's payroll clerk, which recited as follows:

> "Hired 11/6/79 - worked one day - called in the 7th said he wouldn't be in - had personal things to take care of - didn't call in or show up for one week after that. Rehired 11/21/79. Came in at 10:00 a.m. instead of 7:00 a.m. (no call in). Worked 5 hours that day - rest of week was holiday. Showed up the 26th, late, no call in, left at noon said he was sick. Didn't call or show up the 27th so card was pulled. Work wasn't good when he did show up."

On December 11, 1979, an administrative decision was made denying petitioner unemployment insurance benefits for "misconduct" connected with the work because petitioner was "absent from work and tardy too often" and "did not call in according to company rules."

Claimant requested a hearing, which was held on January 14, 1980, at which the petitioner testified. The employer's only evidence consisted of the memorandum previously mentioned. The referee whose decision denying benefits was adopted by the Appeals Board made the following findings of fact and conclusions:

> "FINDINGS OF FACT: (1) The claimant was last employed by Global Housing Limited in shipping and receiving between November 21, 1979 and November 26, 1979. (2) The claimant's required working hours on this job were 7 a.m. to 3:30 p.m., Monday through Friday, and his rate of pay was $4.40 per hour. (3) The claimant was supposed to start working at 7 a.m. on November 21, 1979 but he did not arrive for work until 10:00 a.m., allegedly because the power was off

in his hotel room and he overslept. (4) The next scheduled working day was November 26, 1979, and the claimant arrived for work late this morning, allegedly because the battery in his car was dead. (5) The claimant arrived late for this hearing, allegedly because he wanted to first talk to an attorney about another matter. (6) The claimant was discharged by Global Housing Limited because of poor attendance.

"CONCLUSIONS AND REASONS: Although the claimant has excuses for his frequent tardiness, the referee finds that his excuses are not believable. His tardiness in arriving for the hearing together with his demeanor during the hearing, suggests that he has a serious problem - an inability to get to work (or to a hearing) on time. His failure to get to work on time violated a standard of conduct the employer had a right to expect, punctuality, and this failure constitutes misconduct in connection with the work within the meaning of OAR 471-30-038. It is disqualifying under ORS 657.176."

The sole ground cited by the referee for his conclusion that the petitioner was guilty of misconduct, i.e., "a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent" was petitioner's tardiness in arriving at work on the occasion of his last employment between November 21, 1979, and November 26, 1979.

■      The referee's comments concerning the petitioner's demeanor during the hearing cannot be interpreted as evidence of wilful misconduct on the occasions of his tardiness, but would justify his conclusion that the petitioner's excuses for his late arrivals at work were not believable. If the petitioner's excuses are disregarded, then all that appears from the findings of fact on which the conclusion of misconduct is based is that on the two days during which the petitioner was scheduled to work he was tardy without explanation. The question then becomes whether unexplained tardiness can be construed as a wilful violation of the standards of behavior which an employer has a right to expect of an employe. We conclude that

unexplained absences in and of themselves do not justify that conclusion in view of the Employment Division rule set out above.

■ Here, as in *Bremer v. Employment Division and Sims Fiberglass Company,* 47 Or App 1131, 615 P2d 1170 (1980), claimant contends that the Board's conclusion that the petitioner was guilty of misconduct within the meaning of the Employment Compensation Law is not supported by its findings of fact. We agree.

> " '[A]n agency [must] demonstrate in its order a rational relationship between the facts and the legal conclusions upon which it acts in each case.' *McCann v. OLCC, [supra],* 27 Or App 487, 493; *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190-91, 530 P2d 862 (1975). * * *." *Donnell v. Briggs,* 37 Or App 823, 588 P2d 650 (1978).

We note, however, that the record does contain evidence of conduct concerning the employment of petitioner which could have justified a conclusion of wilfulness in this case. While no representative of the employer appeared at the hearing, the statement of the employer was received in evidence without objection and indicated that claimant did not call in on either of the two days he was scheduled to work. From claimant's own testimony it can be inferred that he knew of the company rule requiring him to call in if he was late and that he had access to a telephone. He testified he did call in on both occasions, but the referee disbelieved the petitioner.

We agree with petitioner, as noted above, that tardiness alone does not constitute disqualifying misconduct. However, a "wilful violation of the standards which an employer has a right to expect of an employee" does. OAR 471-30-038(3).

From the above evidence, we conclude that the referee could find that petitioner knew of and had the ability to comply with the company's "call-in" rule.

From the employer's statement, the referee could have found that he did not call in and could properly have concluded therefrom that his noncompliance was wilful and constituted disqualifying conduct. While that evidence was relied upon for the administrative decision, no finding was made on that issue by the referee. Without findings on that question the Board's conclusion is not supported by its findings. We therefore remand for reconsideration.

Reversed and remanded.