Argued and submitted September 20, 1982,
remanded for reconsideration March 2, 1983

# STADELMAN,
*Petitioner,*

*v.*

# BUILDERS BOARD,
*Respondent.*

(8364-101; CA A21781)

659 P2d 1017

Kent W. Day, Coos Bay, argued the cause for petitioner. With him on the briefs was McInturff, Thom & Day, Coos Bay.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F.

Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Appellant (builder) seeks review of an order of the Builders Board (Board) awarding claimants damages in the amount of $2,406 for replacing and repairing negligently installed cold patch asphalt in the area surrounding claimants' residence. ORS 701.085, 701.140.

Builder entered into a contract with claimant to construct a new residence on claimants' property. After claimants had moved into the completed residence they discovered several defects; on October 30, 1980, they filed a complaint with the Board, ORS 701.145, alleging negligent and improper work and breach of contract. The complaint was investigated by the Board's field investigator, OAR 812-11-062(1), who submitted recommendations that were agreed to by both builder and claimants. Builder complied with the recommendations; however, following the covering of some backfill with cold patch asphalt, claimants complained of continued water ponding and unsightliness. They submitted a $2,406 estimate to repair the asphalt and requested that amount in damages. A hearing was conducted to determine whether the backfill had been negligently repaired and, if so, to determine the amount needed to complete the work properly.

Claimants and builder attended the hearing, testified and offered evidence. Following the hearing, the hearings officer made recommendations to the Board.[1] On the basis of those recommendations, the Board issued a proposed order, concluding that builder had performed negligently in repairing the cold patch asphalt and awarding claimants $300 in damages.[2]

---

[1] OAR 812-11-067(12) provides, in pertinent part:

"Based upon evidence received at the hearing, the hearings officer will prepare findings of fact and conclusions and make recommendations to the Board for disposition of the case. The Board, after review of the findings of fact and conclusions, will issue a proposed order. * * *"

[2] The damage award proposed by the referee was based on the following testimony at the hearing:

"HEARINGS OFFICER: * * * [I]f it were ruled that the repair work done by you was improper or negligently done, and it had to be redone, would you have an estimate of what it would take to tear * * * out * * * the cold patch and the patching that you did, and repatch it for that 12 inches approximately around three sides of the house?

Claimants filed written exceptions[3] to the proposed order on May 7, 1981, and on May 11, submitted an additional estimate in the amount of $2,509 to repair the asphalt. The Board notified builder that it had received claimants' exceptions but did not notify him of the May 11 communication. Builder submitted a written response to the exceptions on June 29, 1981.

The matter was considered by the Board at its July meeting.[4] Claimants appeared and presented oral argument; builder did not appear. Following the meeting, the Board issued a final order awarding damages of $2,406, the amount of the initial estimate. The Board, however, failed to make any findings of fact or conclusions of law in its order. After builder petitioned this court for review, the Board withdrew its order for purposes of reconsideration, ORS 183.482(6), and subsequently issued a new order setting forth findings of fact and conclusions of law and confirming the award of $2,406. From that order, builder appeals.

■ Builder's first assignment of error concerns the Board's failure to enter findings of fact and conclusions of

---

"[BUILDER]: It would probably take a ton and a half or thereabout of asphalt, would be my guess. Maybe two ton.

" * * * * *

"HEARINGS OFFICER: Would you have an estimate of what it would cost you to get a subcontractor to go out and to redo that? * * *

"[BUILDER]: Well, maybe two or three hundred dollars."

[3] OAR 812-11-069(1) provides:

"Claimant or builder may file written exceptions if they believe the proposed order is not supported by evidence received at the hearing. To be considered, exceptions must be received by the Board within 20 days of the date of mailing of the proposed order. If written exceptions are not timely received, the Board may issue a final order."

[4] OAR 812-11-069(5) and (6) provide:

"(5) At the meeting of the members of the Board, the Board will consider evidence received at the hearing and exceptions and written or oral argument for or against the proposed order, but the Board will not consider new or additional evidence.

"(6) The members of the Board may affirm the proposed order and findings of fact, modify either or both, or send the case back to a new hearing. Unless the case is sent back to a new hearing, the Board will issue a final order after the Board meeting."

Thus, the Board's review of the hearings officer's recommendations is plenary, limited only by the restriction against receiving new evidence.

law in its original order. That error, however, was cured by the revised order, and builder does not contend that the findings and conclusions in the revised order are insufficient to permit review.

■ Next, builder contends that because the July Board meeting was not recorded, the record is incomplete for review. Unlike OAR 812-11-067(13), which requires that the evidentiary hearing before the referee be recorded, there is no requirement that the Board meetings be recorded. New evidence cannot be received, and the Board may consider only the evidence received at the hearing, any exceptions and any written or oral arguments of the parties order. OAR 812-11-069(5). The record before us includes, *inter alia,* the complete transcript of the evidentiary hearing, the proposed order, claimants' written exceptions, builder's rebuttal and the Board's final order. It is sufficient to allow review for substantial evidence.

■ Finally, builder contends that he was substantially prejudiced by the Board's failure to notify him of and afford him an opportunity to rebut claimants' May 11 communication submitting a new estimate. ORS 183.462 requires an agency to put on the record all *ex parte* communications on a fact in issue and to notify all parties of such communications and their right to rebuttal. The Board rules, however, forbid acceptance of new evidence after the evidentiary hearing. Because claimants' May 11 communication was received after the hearing, it could not lawfully be considered by the Board.

Builder urges that we remand to determine whether the Board in fact considered the untimely communication in reaching its decision. The estimate included in the May 11 communication was not mentioned in the Board's final order and we are unable to determine whether the Board considered the evidence or ignored it. In reviewing a decision of an administrative agency in a contested case, ORS 183.482(8)(b)(B) provides that:

> "(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:
>
> "* * * * *

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency * * *

"* * * * *."

Because we cannot determine whether the agency considered evidence in violation of its rules, we remand for the Board to reconsider its order.

Remanded for reconsideration.