Argued and submitted January 28, reversed and remanded May 11, 1983

MAY,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*

DANTE,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*

BURKE,
*Petitioner,*
*v.*
EMPLOYMENT DIVISION et al,
*Respondents.*

(82-AB-347, 82-AB-345, 82-AB-348;
CA A24285 (Control), A24286, A24388)
(Cases Consolidated)

662 P2d 801

Jeff Gerner, Salem, argued the cause for petitioners. On the brief were David Cash, and Law Offices of Michael B. Dye, Salem.

Wendy B. Comstock, Salem, argued the cause for respondent Cascade Steel Rolling Mills, Inc. With her on the brief were Ronald J. Williams and Williams & Zografos, P.C., Salem.

No appearance for respondent Employment Division.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimants were discharged from their employment with Cascade Steel Rolling Mills, Inc., for allegedly smoking marijuana while at work. They seek judicial review of an Employment Appeals Board (EAB) decision denying unemployment insurance benefits for misconduct connected with their work under ORS 657.176 and OAR 471-30-038.[1]

After they were discharged, claimants applied for unemployment benefits, and the claims were allowed. Following a hearing requested by employer, the referee affirmed that decision in each case. In his decisions, the referee concluded that the rule on which employer relied to justify the discharge of claimants was not in effect at the time they were fired. He found:

"(8) On Sept. 2, 1981, the personnel representative, from an office window, saw claimant take a puff on a cigarette. (9) Employer then *thought* he saw claimant hand the cigarette to

---

[1] At the time claimants were discharged, ORS 657.176 provided, in part:

"(1) An authorized representative designated by the assistant director shall promptly examine each claim to determine whether an individual is subject to disqualification as a result of his separation, termination, leaving, resignation, or disciplinary suspension from work or as a result of the individual's failure to apply for or accept work and shall promptly enter an assistant director's decision if required by subsection (4) of ORS 657.265.

"(2) If the authorized representative designated by the assistant director finds:

"(a) The individual has been discharged for misconduct connected with his work * * *

"* * * * *

"the individual shall be disqualified from the receipt of benefits until he has performed service for which remuneration is received equal to or in excess of his weekly benefit amount in four separate weeks subsequent to the week in which the act causing the disqualification occurred."

Although amended by Or Laws 1981, ch 5, § 2, the provisions of these subsections remain substantially the same.

OAR 471-30-038(3) defines "misconduct" as follows:

"* * * [A] wilful violation of the standards of behavior which an employer has the right to expect of an employee. An act that amounts to a wilful disregard of an employer's interest or recurring negligence which demonstrates wrongful intent is misconduct. Isolated instances of poor judgment, good faith errors, unavoidable accidents, absences due to illness or other physical or mental disabilities, or mere inefficiency resulting from lack of job skills or experience are not misconduct for purposes of denying benefits under ORS 657.176."

another claimant. (10) The personnel manager and the head of the fence department then walked out to the picnic table where claimant and three fellow employees were seated. (11) When the personnel representative and the head of the fence department were within 25 feet of the table where the four employees were seated, the personnel representative *thought* he could smell marijuana smoke. (12) Both the personnel representative and the head of the fence department *thought* from the gestures and mannerisms of the claimant and fellow employees that they had smoked marijuana. (13) Employer discharged claimant, because he *thought* claimant had smoked marijuana on the job." (Emphasis supplied.)

Employer then appealed to EAB. EAB reversed the referee's decision, concluding that claimants had been discharged for misconduct in connection with their work and for that reason they were disqualified from receiving benefits. Rather than make its own findings, EAB found those facts found by the referee to be "proper and complete" and accepted them as its own. *See* OAR 471-41-020(1)(d). Thus, EAB's decision was based on a crucial finding of fact neither it nor the referee made: that claimants had *in fact* smoked marijuana as alleged. Accordingly, we agree with claimants' contention that without a finding on that question, EAB's decision is not supported by its findings.[2] *See Davidson v. Employment Division,* 48 Or App 119, 616 P2d 540 (1980).

Reversed and remanded for reconsideration.

---

[2] Although the evidence presented, which included testimony that claimants were passing around the cigarette and "holding in the smoke," would appear to indicate that they were enjoying something other than an ordinary cigarette and would support such a finding, no such finding was made. EAB found only that witnesses *thought* they saw claimants smoking marijuana.