Argued and submitted September 14, reversed and
remanded for reconsideration December 21, 1983

## BLAKE,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-260; CA A27559)

673 P2d 566

L. Ramsay Weit, Portland, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Richard H. Tonneson, Manager, Portland, waived appearance for respondent Georgie's Plaster Company.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

PER CURIAM

**PER CURIAM**

Claimant, a person with a borderline IQ and living at the time in a residential treatment program for mentally retarded adults, was discharged by his employer for failure to call in on the second and third days of an illness. He did call in on the first day. The referee, whose findings and conclusions the Employment Appeals Board adopted, found that claimant's failure was misconduct disqualifying him from unemployment benefits. The referee found that the employer had a policy requiring employes to call in every day of a sickness, but he made no findings on whether claimant was aware of that policy. Claimant denies knowing it, and employer does not claim to have informed him of the requirement other than by posting it, along with other conditions of employment, in the area of the time clock.

Without the missing findings of claimant's knowledge, the conclusion that claimant's failure to call in was in wilful disregard of the employer's interests does not follow. OAR 471-30-038(3); *Davidson v. Employment Division,* 48 Or App 119, 616 P2d 540 (1980). Those findings are especially important in this case, for posting the rules may not have been adequate to inform this claimant of employer's policies. If he did not know that he was required to call in every day, his failure to do so cannot be misconduct.

Reversed and remanded for reconsideration.