575

Argued and submitted July 2, reversed and remanded December 19, 1984

In the Matter of the Appeal of Johannes
Zohner Contesting a Determination
of Ineligibility to Participate in
Athletics at Portland, Oregon,
Woodrow Wilson High School

OREGON SCHOOL ACTIVITIES ASSOCIATION,
*Petitioner,*

*v.*

ZOHNER et al,
*Respondents.*

(Ath 83-8; CA A30721)

692 P2d 641

Don G. Carter, Portland, argued and cause for petitioner. With him on the brief were McEwen, Hanna, Gisvold & Rankin, Portland.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Warren and Young, Judges.

PER CURIAM

## PER CURIAM

■　　　Petitioner Oregon School Activities Association (OSAA) seeks judicial review of an order of the State Superintendent of Public Instruction that granted Johannes Zohner eligibility to participate in interscholastic sports at Wilson High School in Portland. OSAA raises two assignments of error. It asserts, first, that the Superintendent erred in finding that, under OSAA rules, Zohner is a "foreign exchange" student and, second, that he erred in ruling that OSAA's determination that Zohner is ineligible to participate in interscholastic sports violates Or Laws 1983, ch 823, § 2 (*codified* as ORS 339.450). We consider only the first assignment. We conclude that there is no evidence in the record to support the Superintendent's finding that Zohner is a "foreign exchange" student.

■　　　Typically, when we determine that an agency has made a finding of fact that is unsupported by the record, and we conclude that finding may have influenced a conclusion of law, we remand for reconsideration. *See, e.g., Bremer v. Employment Division,* 52 Or App 293, 628 P2d 426 (1981); *Palen v. Oregon State Bd. of Higher Education,* 18 Or App 442, 525 P2d 1047 (1974). That is true here. On remand, the Superintendent should consider the applicability to this case, if any, of *OSAA v. Stout,* 71 Or App 405, 692 P2d 633 (1984).

Reversed and remanded for reconsideration.