Submitted on record and briefs September 12, 1984, reversed and remanded for reconsideration February 6, 1985

# TURNQUIST,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-12; CA A31013)

694 P2d 1021

Harold Turnquist, Myrtle Creek, filed the brief *pro se* for petitioner.

Dave Frohnmayer, Attorney General, and Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Steven J. Bussolini, Personnel/Affirmative Action Officer, Lewis-Clark State College, Lewiston, Idaho, waived appearance for respondent Lewis-Clark State College.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner seeks review of an Employment Appeals Board's order that reversed a referee's order that petitioner had voluntarily left work with good cause. ORS 657.176(2)(c). We review pursuant to ORS 183.482. *See* ORS 657.282.

EAB found:

"(1) Claimant was employed as an associate professor/business division chair by Lewis-Clark State College in Lewiston, Idaho for the 1982-83 school year. (2) His contract covered the period August 1, 1982 through May 31, 1983. (3) In Spring 1983 there was wide-spread speculation as to the college's future. (4) Apparently because of a fiscal crisis, the state even considered closing down the school for the 1983-84 academic year. (5) Less drastic measures would require reorganization, including the elimination of some staff positions. (6) On May 2, 1983, the college notified its employees that contracts for fiscal year 1984 would be delayed until after May 12, 1983, when the State Board of Education would be allocating the college's budget. (7) Employees who planned to be out of town were advised to contact the Personnel Officer prior to graduation so that contracts could be properly mailed to the employees. (8) Salaries were determined after May 13, 1983. (9) Claimant was not reasonably certain that he would be offered a new contract equivalent to his 1982-83 contract. (10) That uncertainty and the health problem of his wife and daughter caused him to seriously consider looking for work elsewhere. (11) Claimant's wife suffered from severe sinusitis and had been advised by her physician to move to an area with better climate and air quality. (12) At the end of April, 1983, claimant's two year old daughter developed bacterial pneumonia. (13) In May claimant's wife applied for a teaching job in Days Creek, Oregon. (14) On June 6, 1983, contracts were mailed to various employees, including the claimant. (15) The claimant and his wife were not in Idaho, but had made a trip to Oregon so the claimant did not receive his copy of the contract until he returned to Lewiston on June 20, 1983. (16) On June 13, 1983, the claimant's wife was offered a teaching position in Days Creek, Oregon and accepted that position. (17) On June 20, the claimant notified the above employer that he would not accept the contract as issued. (18) On July 8, 1983, he submitted his letter of resignation, stating that his reason for resigning was in order to protect his family's health (Exh. 7). (19) On September 9, 1983, the claimant stated that notwithstanding his family's health problems, he would have accepted the contract had it been issued to him earlier."

Petitioner's first assignment concerns certain letters employer sent to EAB questioning the referee's findings. He argues that the letters constituted *ex parte* contacts; that EAB needed to serve him with copies of the letters under *former* OAR 471-41-010(2) (*repealed* March 31, 1984); that EAB erred in failing to notify him of its receipt of the letters and of his right to rebut them; and that EAB erred in failing to indicate whether it considered the letters in reaching its decision.

■     *Former* OAR 471-41-010(2) provided:

"All written arguments shall be submitted in completely legible form and be capable of being photocopied. A copy of all written arguments shall be served upon other interested parties by regular mail at the same time it is filed with the Board, and must further contain written reference of such service. In the event written argument is not filed in accordance with this rule, it shall not be considered by the Board. There shall be no extension granted for filing a response brief."

Assuming that the letters constituted arguments, it was not EAB's duty to serve them on petitioner; it was employer's duty.

■■     ORS 183.462 provides:

"The agency shall place on the record a statement of the substance of any written or oral ex parte communications on a fact in issue made to the agency during its review of a contested case. The agency shall notify all parties of such communications and of their right to rebut the substance of the ex parte communications on the record."

EAB failed to comply with that statute. It is not apparent what use, if any, EAB made of the letters.[1] EAB's order does not explicitly refer to any evidence contained in the letters. Still, it is possible that they persuaded EAB in formulating its ultimate conclusion. ORS 183.462 is intended to prevent that possibility. *See* ORS 183.482(8)(a)(B); *Stadelman v. Builders Board,* 62 Or App 1, 5, 659 P2d 1017 (1983). EAB's failure to comply with ORS 183.462 mandates that we reverse its order.

■■     Because we remand, we address some of petitioner's

---

[1] Petitioner states that he did not learn of the existence of these communications until he filed for judicial review in this court.

other assignments. He contends that EAB improperly assigned the burden of proof to him. He argues that, because he prevailed before the referee, the burden to prove that he left work without good cause shifts to employer. He relies on *Bremer v. Employment Division,* 52 Or App 293, 628 P2d 426 (1981), and *Petro v. Employment Division,* 32 Or App 17, 573 P2d 1250 (1978). We held in *Bremer* that, if the referee holds and the facts indicate that a discussion of reasonable alternatives to quitting would be fruitless, EAB must also address that question before holding that the worker's claim is denied because he presented no evidence of reasonable alternatives. We held in *Petro* that, even though it reviews *de novo,* EAB must either defer to a referee's credibility finding or state why it does not. Neither case stands for the proposition that petitioner asserts. EAB's review is *de novo.* Petitioner had the burden of proof.

Petitioner moved to dismiss employer's appeal to EAB. He claimed (1) that employer was not required to allege any specific procedural or jurisdictional errors to which he could respond, (2) that EAB required simultaneous submission of all arguments and briefs, and (3) that EAB failed to rule on his motion before issuing its final order. He contends that, because no specific allegations were made, he had no notice of "the scope or issues of the appeal," and that that denied him due process. He also contends that ORS 183.415(2)(d) requires that, in a contested case proceeding, the aggrieved party must file a short statement of the matters asserted or charged. He acknowledges that EAB is exempted from ORS 183.415(2)(d). *See* ORS 183.315(3). Arguably, a better procedure for EAB to follow would be to require something similar to the procedure for filing briefs in this court, *see* ORAP Rule 7, but no law requires it.

■ ■  Petitioner has failed to show any prejudice by the absence of a specific notice of alleged error. Further, we conclude that EAB's failure to inform him that his motion was denied until its final order was entered caused him no prejudice. The order gave him neither more or fewer rights than he had before the motion was made. As to his due process claim, we find no error.

Reversed and remanded for reconsideration.