In the Matter of the Claim of:

WILKINSON et al,
*Respondents,*

*v.*

JAY'S CONTRACTING, INC.,
*Petitioner.*

(25039-102; CA A32806)

708 P2d 376

Joel D. DeVore, Pendleton, argued the cause for petitioner. With him on the briefs were Mautz and Hallman, Pendleton.

Bruce E. Anderson, La Grande, argued the cause and filed the brief for respondent Dennis Wilkinson.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Builders Board.

Before Joseph, Chief Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Petitioner seeks judicial review of a final order of the Builders Board that required it to pay claimant $31,400.80. ORS 701.005 *et seq.* The issue is whether the Board's award is supported by the findings of fact. We review pursuant to ORS 183.482(7) and reverse and remand for reconsideration.

Petitioner agreed to build a house for claimant for $143,272. After paying petitioner $130,100, claimant filed a claim alleging various construction defects and seeking $10,080 in damages. Later, he amended his claim and sought $53,000 in damages, less any amount owing petitioner under the contract.

The hearings officer made findings of fact and conclusions of law and issued a proposed order. He awarded claimant damages for the cost of repair of most of the defects. He added those damages to the decreased value of the house resulting from an unauthorized change in building the living room, and determined that claimant's damages were $17,663.16, which did not include the $1,307 difference in the cost of lower quality siding. He then estimated the difference in value between the house as ordered and the house as built, determined that the difference was $10 per square foot, or $28,500, and added $28,500 to the cost of repairs and the decreased value of the house. As a result, claimant was awarded $46,163.16 in damages. The hearings officer reduced that award by credits due petitioner and unpaid contract payments, leaving a balance of $31,400.80 due claimant. The Builders Board adopted the hearing officer's findings of fact and conclusions of law and adopted his proposed order as its final order.

■ ■ The Builders Board is required to make findings of fact and conclusions of law in a contested case. ORS 183.470(2). Its conclusions of law must be rationally based on its findings of fact. *See Bremer v. Employment Division,* 47 Or App 1131, 1136, 615 P2d 1170 (1980). Here, the Board reviewed each claimed defect and either rejected the claim or awarded damages. The itemized damages, $18,970.16, include the value of two features required by the parties' agreement but not received: a *sunken* living room, $2,562, and higher quality siding, $1,307. It is not clear from the Board's conclusions, however, why it also awarded loss of value equivalent to

$10 per square foot in addition to the award for repair of defects and those features not received.

ORS 701.145(4) defines the Board's role in determining claims:

> "Upon acceptance of the statement of claim, the board shall give notice to the builder against whom the claim is made and shall initiate proceedings to determine the validity of the claim. If, after investigation, the board determines that a violation of this chapter or of any rule promulgated thereunder has occurred, the board shall recommend to the registrant such action as the board considers appropriate to compensate the claimant for any damages incurred as the result of the violation."

The general rule governing the choice of an appropriate measure of damages in civil cases is stated in *Beik v. American Plaza Co.,* 280 Or 547, 555-56, 572 P2d 305 (1977):

> "The rule in Oregon is that the cost of replacement or repair is the correct measure of damage for defects in work unless that remedy generates undue economic waste. *Schumauch v. Johnston,* 274 Or 441, 547 P2d 119 (1976); *Turner v. Jackson,* 139 Or 539, 560, 11 P2d 1048 (1932). *See also Edenfield v. Woodlawn Manor, Inc.,* 62 Tenn App 280, 462 SW2d 237 (1971). 'Only if the cost [of repair] is disproportionate does the standard of difference in value become applicable at all.' McCormick, Damages, 647, 650 § 168 (1935)."

We hold that the same rule applies in Builders Board cases.

We conclude that the award of $28,500 as damages by way of lost value, equivalent to $10 per square foot, is impermissible.

Reversed and remanded for reconsideration.