Argued and submitted March 23, affirmed May 27, 1987

In the Matter of the Claim of
Dennis Wilkinson, Claimant.

WILKINSON,
*Respondent,*

*v.*

JAY'S CONTRACTING, INC.,
*Petitioner,*

*and*

BUILDERS BOARD,
*Respondent.*

(BB25039-102; CA A40351)

737 P2d 631

Gary J. Susak, LaGrande, argued the cause and filed the brief for petitioner.

Bruce E. Anderson, LaGrande, argued the cause and filed the brief for respondent Dennis Wilkinson.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent Builders Board. With him on

the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioner, a building contractor, seeks review of an order of the Builders Board, which awarded damages to respondent Wilkinson for breach of a construction contract. It argues that the Board exceeded its authority on remand after we reversed the Board's initial calculation of damages and remanded for reconsideration of damages. We affirm.

The facts are set out in our first opinion, *Wilkinson v. Jay's Contracting, Inc.,* 76 Or App 142, 144, 708 P2d 376 (1985):

"Petitioner agreed to build a house for claimant for $143,272. After paying petitioner $130,100, claimant filed a claim alleging various construction defects and seeking $10,080 in damages. Later, he amended his claim and sought $53,000 in damages, less any amount owing petitioner under the contract.

"The hearings officer made findings of fact and conclusions of law and issued a proposed order. He awarded claimant damages for the cost of repair of most of the defects. He added those damages to the decreased value of the house resulting from an unauthorized change in building the living room, and determined that claimant's damages were $17,663.16, which did not include the $1,307 difference in the cost of lower quality siding. He then estimated the difference in value between the house as ordered and the house as built, determined that the difference was $10 per square foot, or $28,500, and added $28,500 to the cost of repairs and the decreased value of the house. As a result, claimant was awarded $46,163.16 in damages. The hearings officer reduced that award by credits due petitioner and unpaid contract payments, leaving a balance of $31,400.80 due claimant. The Builders Board adopted the hearing [*sic*] officer's findings of fact and conclusions of law and adopted his proposed order as its final order."

We concluded that the Board erred in awarding damages for items contracted for and not received and for defective items, as well as for loss of value of the house, computed at $10 per square foot. Relying on *Beik v. American Plaza Co.,* 280 Or 547, 555-56, 572 P2d 305 (1977), we held that the correct measure of damages is the cost of replacement or repair, unless that remedy generates undue economic waste, in which case the difference in value may be used as the measure.

76 Or App at 145. Because the Board had duplicated the damages by using both measures, we ruled that the award of damages for lost value of $10 per square foot ($28,500) was impermissible and "reversed and remanded for reconsideration."

Petitioner now contends that the Board, on remand, should have deducted $28,500 (lost value) from the original total award ($31,400.80) and entered an order awarding $2,900.80. If that is what we had intended, we could have modified the order, ORS 183.482(8), because there would have been no purpose in remanding. Instead, we reversed and remanded for reconsideration, because the Board had applied the wrong measure of damages and, in doing so, had duplicated the damages.

We set out the proper measures by which damages may be awarded in this kind of case and, although we held that lost value damages are impermissible as the Board had awarded them, we remanded for the Board's reconsideration, to apply the proper measure of damages. On remand, the Board reviewed the evidence in the light of our opinion and adopted new findings and conclusions to frame a new order awarding $16,123.80. It did so consistent with the measures of damages that we held were applicable. Plaintiff does not contend that the evidence does not support the new findings or that the findings do not support the conclusion. ORS 183.482(7) and (8)(c).

The Board increased the amount of damages attributable to petitioner's having failed to construct a sunken living room. It found that installing a sunken living room at a cost of between $40,000 to $50,000 is not feasible and that doing so would create economic waste. For that reason, it awarded the difference in value between the type of living room required by the contract and the room that was actually built: $13,085. On the other hand, damages for the installation of a defective staircase were increased by the cost of removing and replacing it. The measure applied to each breach is appropriate, and there is no duplication of damages as in the first order.

Our order on remand directed the Board to reconsider the case in the light of our opinion. The Board did so and did not exceed its authority in reconsidering the damage question.

Affirmed.