Argued and submitted September 13, 1995, reversed and remanded
February 21, 1996

Jerry Michael FISHER,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Adult and Family Services Division,
*Respondents.*

(94-AB-1358; CA A85035)

911 P2d 975

Jorge Lara argued the cause for petitioner. With him on the brief was Marion-Polk Legal Aid Service, Inc.

Janie Burcart, Assistant Attorney General, argued the cause for respondents. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

## PER CURIAM

Claimant seeks review of an order of the Employment Appeals Board (Board) denying him unemployment benefits on the ground that he voluntarily left work without good cause. ORS 657.176(2)(c); OAR 471-30-038(4). The Board held that claimant did not prove that he had a reasonable alternative to quitting work because "nothing in the record suggests that the union lacked authority to address the inappropriate conduct of the lead worker and the employer's failure to effectively put a stop to that conduct." However, we can find nothing in the record from which it can be inferred that the union had the authority to address claimant's difficulties with his lead worker. As we said in *Bremer v. Employment Division*, 47 Or App 1131, 615 P2d 1170 (1980):

"Before the Board may hold that a claimant has failed to consider 'reasonable alternatives' to leaving work, it must be found that there were such alternatives. Without such a finding, the Board's conclusion is not supported by its own findings." *Id*. at 1137.

In the absence of any finding of fact that the union had the authority to intervene on claimant's behalf, the Board's opinion suffers from the same defect as in *Bremer*.

Reversed and remanded.