Argued and submitted September 14, 1983, reversed and remanded for reconsideration
February 22, 1984

# STEINKELLNER,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-408; CA A27655)

676 P2d 941

Peter E. Baer, Gresham, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Respondent Bob Thomas Auto Body, Inc., waived appearance.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Claimant appeals an order of the Employment Appeals Board (EAB) that adopted a referee's order denying him unemployment benefits on the ground that he voluntarily left work without good cause. ORS 657.176(2)(c). We reverse and remand.

Claimant worked as an auto painter. His usual work hours were 8:00 a.m. to 5:00 p.m., Monday through Friday. Several weeks before his employment terminated, he switched from working for an hourly wage to working on commission. At about 4:30 p.m. on the last day of his employment, claimant and his supervisor, Mr. Turner, got into a heated discussion as to whether claimant was going to stay at work to deal with some matters that Turner believed required immediate attention or leave work to attend to personal business. According to claimant, Turner fired him. According to Turner, claimant was warned that, *if he left,* he was fired. Claimant left. In due course, he filed the unemployment compensation claim that gave rise to this appeal.

Claimant's request for benefits was denied by an administrative decision on the ground that he had left work without good cause. After a hearing, the referee held the same way, apparently adopting the employer's version of the facts. The referee did not, however, make an express credibility determination or in any other way explain why he accepted the employer's version and rejected claimant's. Nonetheless, EAB—one member dissenting—affirmed the referee's decision and adopted his opinion as its own. This judicial review proceeding followed.

The case before the referee appears to have been tried on the theory that claimant wins or loses depending on whether he quit or was fired. We therefore assume, without deciding, that resolution of the fire/quit issue is dispositive. The trouble is, we cannot tell whether that determination was made or, if it was, why.

Credibility decides this case. Yet, the referee (and, hence, EAB) made no finding as to credibility. That must be done. *Lewis v. Employment Division,* 66 Or App 303, 673 P2d 1376 (1984); *Petro v. Employment Division,* 32 Or App 17, 573

P2d 1250 (1978). The failure squarely to address the issue requires reversal. *Lewis v. Employment Division, supra.*[1]

Reversed and remanded for reconsideration.[2]

---

[1] While not essential to our analysis, we note in passing that, in addition to the imperfection already alluded to, the referee's order contains one erroneous finding of fact. Concerning the claimant's reason for wanting to leave work early, the referee found: "* * * Claimant made no mention to employer about having to go to the bank [on the day in question] to get money * * *." As we read the transcript, that finding is wrong. Both parties who testified at the hearing indicated that claimant's desire to go to the bank had been communicated to Turner.

[2] Claimant's other assignments of error attempt to argue the evidence. They do not require discussion.