Argued and submitted September 11, reversed and remanded for reconsideration
October 31, 1984

ASHMORE,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-140; CA A31105)

690 P2d 522

Leilan J. Greer, Oregon Legal Services, Oregon City, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Gary Coe, Portland, waived appearance for respondent Retriever Towing Co.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is an unemployment compensation case. Claimant seeks review of a decision of the Employment Appeals Board denying him unemployment benefits on the ground that he was discharged for misconduct connected with work and, therefore, disqualified from receiving benefits under ORS 657.176(2)(a). EAB reversed a referee's decision that found claimant qualified for benefits based on the referee's determination that claimant had not been discharged for misconduct. We reverse and remand.

At a hearing, the referee heard testimony from claimant and the manager of claimant's employer, a tow truck business. Claimant was employed as a tow truck driver. On November 23, 1982, he received a written warning from his employer placing him on suspension for repeatedly being late for work. The manager testified that claimant promised to improve. However, he continued to be late from time to time. Although the manager said he discussed the tardiness problem, as well as other problems,[1] with claimant on a continuing basis, claimant testified that tardiness was never again brought to his attention; there were no subsequent written warnings issued. Claimant testified that, due to the absence of warnings and his employer's acquiescence in allowing him to work through his lunch hours and overtime to compensate for any late arrivals, he was lead to believe that tardiness was not a problem jeopardizing his job. Claimant said that, had he known otherwise, he would have made an effort to arrive at work earlier.

Claimant did testify, however, that he was concerned with losing his job because business had been slow. He reasoned that he would be the first "to go down the road" because his rate of pay was higher than most of the other employes and he was considered a "black sheep" by his employer due to friction between the manager and himself. On October 4, 1983, claimant was fired; he testified that his employer claimed to have "the option" to grant claimant

---

[1] The manager testified that claimant had also been told of complaints from customers regarding his demeanor and that he had been unprepared for work because he had lost keys and had forgotten a credit card issued to employes to purchase gas for their trucks. The referee concluded that there was no misconduct involved.

unemployment benefits, but "chose not to." Claimant testified that the owner told him that the reason for the opposition was that he could not afford to have claimant receive benefits. The manager denied that he was fired due to lack of work.

ORS 657.176(2)(a) states, in pertinent part:

"An individual shall be disqualified from the receipt of benefits * * * if the authorized representative * * * finds that the individual * * * [h]as been discharged for misconduct connected with work."

OAR 471-30-038(3) defines "misconduct":

"A wilful violation of the standards of behavior which an employer has the right to expect of an employe. An act that amounts to a wilful disregard of an employer's interest, or recurring negligence which demonstrates wrongful intent is misconduct."

On the basis of his findings, the referee determined that "claimant was discharged * * * allegedly for failure to report to work prepared, poor customer relations and tardiness." He concluded, however, that claimant was not discharged for misconduct connected with work and was therefore not disqualified from receiving unemployment benefits under ORS 657.176(2)(a).

■ A review of the record indicates that most of the testimony given at the hearing by claimant was contrary to that given by the manager. The conflicting testimony meant that credibility was crucial to resolving the case. We require a referee to make explicit findings when credibility is determinative so that we can review the order and determine if it is supported by substantial evidence. *Derochier v. Employment Division,* 70 Or App 521, 690 P2d 519 (1984); *Steinkellner v. Employment Division,* 67 Or App 50, 52, 676 P2d 941-42 (1984); *Lewis v. Employment Division,* 66 Or App 303, 307, 673 P2d 1376, 1378 (1984); *Petro v. Employment Division,* 32 Or App 17, 23-24, 573 P2d 1250 (1978). Although the referee failed explicitly to accept claimant's credibility, it is clear that he implicitly determined claimant's testimony to be the more credible. Despite the employer's assertions to the contrary, the referee's conclusion that "claimant was discharged but not for misconduct connected with his work" impliedly reflects the acceptance of claimant's version of the facts. In addition, the referee also found that the evidence strongly supported

claimant's assertion that he was discharged "due to a lack of work."

■        On review, EAB reversed, with one member dissenting. Its findings of fact and conclusions conflict with the referee's, and it failed to make any findings of credibility. That failure is critical, because we have repeatedly stated that, when EAB reverses a referee's findings on a claimant's credibility, it is *required* "to state precisely what it found to be the facts and to explain how those facts lead to its conclusion." *Lewis v. Employment Division, supra.* Furthermore, EAB must explain what weight, if any, was given the referee's determination and, if it disagrees with the referee, to explain why. *Lewis v. Employment Division, supra.* As noted, the failure to adhere to these principles prevents us from ascertaining whether its decision to reverse is supported by substantial evidence. *Derochier v. Employment Division, supra; Steinkellner v. Employment Division, supra; Lewis v. Employment Division, supra; Petro v. Employment Division, supra.* Because this defect precludes a meaningful review, we must reverse and remand.

Reversed and remanded for reconsideration.