Argued and submitted September 11, reversed and remanded for reconsideration
October 31, 1984

# DEROCHIER,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-15; CA A31039)

690 P2d 519

Susan P. Howard, Salem, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Cedarwood Care Center.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

**GILLETTE, P. J.**

The issue in this unemployment compensation case is whether the Employment Appeals Board, without offering an explanation, can reject a referee's finding of fact which is determinative of the award of unemployment benefits. We hold that the EAB erred in failing to base its finding on the record and in failing to explain why it disagreed with the referee or what weight it gave the referee's determination of claimant's credibility. We reverse and remand.

On the basis of testimony of the witnesses and his observations at the hearing, the referee found these facts:

"(1) Claimant has filed continued claims for unemployment insurance benefits for Weeks 27 through 34 (August 7, 1983, through August 27, 1983) and her weekly benefit amount is $65. (2) Since February, 1981, she has worked for the employer principally as a part-time medication/treatment aide, which at times involves the lifting and handling of patients to a limited extent. (3) Initially, claimant worked about 20 hours per week as a medication aide; and at times she worked as a fill-in floor aide, as needed. (4) She last saw her doctor in September, 1982, because she had injured her right shoulder while at work. (5) Her doctor then told claimant to keep the shoulder immobile for a few days, and to avoid heavy lifting. (6) Since the injury, claimant has been unwilling to work as a floor aide because that work entails much lifting of patients; and because if she lifts more than she should, her shoulder aches by day's end, and she must rest it for 24 hours. (7) Before April 22, 1983, claimant regularly worked every weekend as a medication/treatment aide. (8) On April 22, she asked the employer to schedule her to work only on alternative weekends so she could spend more weekend time with her husband and three year old child. (9) For some time thereafter, claimant did work each weekend as a medication/ treatment aid, until the employer hired another employe to supplement its work force due to claimant's express wish to work only as a medication/treatment aide and on alternate weekends. (10) Claimant did not work on August 6 or 7 because the employer granted her request to be excused from work those days so she could attend a class reunion. (11) She missed no other scheduled work during the three weeks in issue ending August 27, 1983. (12) But for claimant's wish to work only as a medication/treatment aide and on alternative weekends and but for its hiring of the additional employe, the employer would have scheduled additional work for claimant

as a medication/treatment aide or floor aide during those weeks. (13) However, for the three weeks ending August 27, the employer did not offer to or schedule for claimant any work other than as a medication/treatment aide on alternate weekends. (14) *During the weeks in issue, claimant was willing and able to work for the employer as a medication/ treatment aide during weekdays and on alternate weekends, and on each weekend if the employer insisted she do so.*"[1] (Emphasis supplied.)

■     As a condition of eligibility for unemployment benefits, a claimant must be "available for work." ORS 657.155(1)(c). Claimant argued that she was available for work during the weeks in question and therefore eligible to receive benefits. OAR 471-30-036(3)(a) states that the determination of an individual's availability for work requires "at a minimum that the individual * * * [b]e *willing* to work full time during all the usual hours and days of the week customary for the work being sought." (Emphasis supplied.)

■     Because a referee has an opportunity to see and hear the witnesses and assess their credibility, we have imposed on referees the requirement to make explicit findings on credibility so that on review we (and EAB) can determine if an order is supported by substantial evidence. *Ashmore v. Employment Division,* 70 Or App 516, 690 P2d 522 (1984); *Steinkellner v. Employment Division,* 67 Or App 50, 52, 676 P2d 941, 942 (1984); *Lewis v. Employment Division,* 66 Or App 303, 307, 673 P2d 1376, 1378 (1984); *Petro v. Employment Division,* 32 Or App 17, 23-24, 573 P2d 1250 (1978). Similarly, when EAB reverses a referee's findings on a claimant's credibility, we require it "to state precisely what it found to be the facts and to explain how those facts lead to its conclusion." *Lewis v. Employment Division, supra.*

■     The referee here concluded that claimant "was sufficiently able to work, available for work, and actively seeking and unable to obtain suitable work to be eligible for benefits for [the weeks in question]." Our review of the record indicates that the referee, in reaching this conclusion, implicitly determined that claimant was credible.

---

[1] No party suggests that, because of her limited former work schedule, claimant would not be eligible for benefits.

■■ In reviewing the referee's decision, EAB adopted the referee's findings of fact as "proper and complete." Contrary to finding (14), however, EAB then set the referee's decision aside, concluding from its review of claimant's testimony "that she was not willing to work full time as either a medical aide or a nursing assistant." In reaching this conclusion, EAB failed to explain why it disagreed with the referee or to explain what weight, if any, was given the referee's determination that claimant had been "available for work." *Lewis v. Employment Division, supra.* Moreover, our review of the record indicates that the conclusion of EAB misstates the evidence.[2]

Because the order contains the described defects, we reverse EAB and remand the case for reconsideration. *See, e.g., Ashmore v. Employment Division, supra; Steinkellner v. Employment Division, supra.*

Reversed and remanded for reconsideration.

---

[2] The conclusion of EAB that claimant "was not willing to work full time" as contemplated by the rule is not supported in the transcript by claimant's testimony or the testimony of her employer. Witnesses testifying at the hearing established claimant's "willingness" to work full time if requested to do so.