Argued and submitted October 12, reversed and remanded for reconsideration
November 7, 1984

## RULIEN,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-252; CA A32301)

690 P2d 530

John Mayfield, Estacada, argued the cause and filed the brief for petitioner.

No appearance for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant appeals an Employment Appeals Board decision that he was not eligible for unemployment compensation. Because EAB did not explain adequately why it rejected the referee's credibility findings, we reverse and remand for reconsideration.

The primary issue in this case is whether claimant was sufficiently available for work.[1] During the weeks at issue, he was enrolled as a full-time student, but he maintained that he was willing to quit school in order to take a job. In determining that claimant was not subject to benefit disqualification, the referee made a specific determination of credibility.

"* * * [C]laimant persuasively explained that school would not stand in the way of a suitable job. His credibility rests in his consistency. His answers before and during [the] hearing repeatedly showed that, during the issue weeks, school came in second to work."

On review, however, EAB, with one member dissenting, concluded that claimant's "testimony of his willingness to give up school, if necessary to accept employment was too uncertain to be credible and persuasive."

Claimant contends on appeal that EAB failed to give proper weight to the referee's credibility findings. Because of his opportunity to see witnesses firsthand, a referee's credibility determinations are entitled to deference on review. *Petro v. Employment Division,* 32 Or App 17, 23, 573 P2d 1250 (1978). If EAB rejects them, it must "precisely state what it found to be the facts and explain why those facts lead it to the decision it makes." *Petro v. Employment Division, supra,* 32 Or App at 23; *Lewis v. Employment Division,* 66 Or App 303, 673 P2d 1376 (1984). In this case, EAB did not explain its naked assertion that claimant was not credible. Accordingly, we cannot tell whether its decision was supported by substantial evidence. If on remand EAB still finds petitioner not credible, it must explain why, on this record, it does so in order that we may meaningfully review its decision. *See Ashmore v. Employment Division,* 70 Or App 516, 690 P2d 522 (1984);

---

[1] Initially some other issues were in dispute, but they are not relevant at this point.

*Derochier v. Employment Division,* 70 Or App 521, 690 P2d 519 (1984).

Reversed and remanded for reconsideration.