Argued and submitted February 11, reversed and remanded for reconsideration
May 1, 1985

ALLEN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-2071; CA A32895)

698 P2d 1009

David S. Tilton, Coos Bay, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

Sharon K. Dryer, Coos Bay, waived appearance for respondent Woolshed, Ltd.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this unemployment compensation case, petitioner seeks judicial review of the affirmance by the Employment Appeals Board of a referee's decision disqualifying him from benefits. We reverse and remand.

Petitioner was employed as a boot maker for just over one year. His separation from employment was precipitated by his dissatisfaction with employer's method of payment, which was on a piece-work basis. Petitioner discussed his concern with a representative of the Bureau of Labor and Industries on the afternoon of April 18, 1984. He returned to his workplace and initiated a meeting with the employer's representative to discuss the payment procedure as well as what he considered to be unsatisfactory working conditions.

At this point the stories of the principals involved radically diverge. According to petitioner, he calmly attempted to explain his position but was shouted off the premises by the employer's representative, Dryer. Petitioner testified that he believed that he had been fired at that point. In contrast, Dryer testified that petitioner entered her office in a highly agitated and irrational state and that she ordered him out of her office until he could calm himself but had no intention of firing him. She stated that there had been similar occurrences in the past and that petitioner had always been able to gather himself together and return to apologize for his erratic behavior. Petitioner denies any past occurrences, claiming that this was the first time he had been ordered from her presence.

The following day, petitioner applied for unemployment benefits. An administrative decision concluded that petitioner had been discharged, but not for misconduct, and was therefore eligible for benefits. Employer requested a hearing. The referee's decision, as adopted by EAB, led to this petition for review.

Whether petitioner voluntarily quit or was fired depends on whose version of the circumstances is believed. It is implicit from the referee's decision, in which he adopted the employer's version in his finding of facts, that the referee believed the employer. The referee did not, however, make an express credibility determination. As in *Steinkellner v.*

*Employment Division,* 67 Or App 50, 676 P2d 941 (1984), credibility decides this case and, as we found in *Steinkellner,* a failure squarely to address the issue by the referee and by EAB, which adopted his decision, requires reversal.

Even if, on remand, EAB and the referee decide that claimant loses on the credibility issue, another issue remains. Claimant testified to work circumstances which, if they existed, might justify his quitting. The issue must be addressed. *See, e.g., Mercer v. Employment Division,* 63 Or App 757, 665 P2d 1259 (1983); *Bremer v. Employment Division,* 52 Or App 293, 628 P2d 426 (1981).[1]

Reversed and remanded for reconsideration.

---

[1] Claimant's remaining assignments of error are not well taken.