Argued and submitted February 11, reversed and remanded for reconsideration
May 1, 1985

HILL,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-718; CA A31875)

698 P2d 1010

Mark B. Williams, Portland, argued the cause for petitioner. With him on the brief was Michael H. Marcus, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent General American Theatre.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Petitioner seeks judicial review of an order of the Employment Appeals Board which reversed a referee and found that he was disqualified from benefits because he had been discharged for misconduct connected with his work. Petitioner also objects to EAB's finding that he willfully made a false statement to obtain benefits and that he must repay benefits previously received. We reverse.

Petitioner was a driver on a pickup and delivery route for a theatre supply company. During the course of his five months of employment, his supervisor received three complaints from theatre managers alleging a generally poor attitude toward his work, manifested by his rough handling of the merchandise being delivered.

Ultimately, petitioner was discharged. His supervisor testified at the hearing that the discharge was precipitated by the complaints received regarding petitioner's attitude. Petitioner testified that, although the complaints were mentioned, he was told that he was discharged because his services were no longer required. Petitioner connected recent lay-offs among company personnel and significant cut-backs in his own working hours and concluded that he had been laid off. To confirm his conclusion in anticipation of applying for unemployment benefits, petitioner spoke with his supervisor and asked if he had been laid off due to lack of work. Petitioner says the supervisor responded affirmatively; the supervisor denies having had such a discussion with petitioner.

After hearing the testimony, the referee set aside two earlier administrative decisions that had found that petitioner had been discharged for misconduct and that he had wilfully misrepresented the nature of his discharge in order to obtain benefits. In so doing, the referee specifically found that petitioner's testimony was "credible in that it was consistent, sincere and straightforward." It is implicit that the referee found the supervisor's testimony not credible to the extent that it conflicted with petitioner's statements. EAB reversed the referee, finding that petitioner's testimony was not credible.

As EAB appropriately noted in its decision, credibility of witnesses is pivotal in this case. Unfortunately, EAB

has once again failed to explain adequately its reversal of the referee's credibility determination, as we have repeatedly required. *See, e.g., Ashmore v. Employment Division,* 70 Or App 516, 690 P2d 522 (1984); *Lewis v. Employment Division,* 66 Or App 303, 673 P2d 1376 (1984); *Petro v. Employment Division,* 32 Or App 17, 573 P2d 1250 (1978).

Much of petitioner's and his supervisor's testimony was at odds over the circumstances of petitioner's discharge. The referee chose to believe petitioner, finding his testimony "consistent, sincere and straightforward." EAB found this determination insufficient to pursuade it that petitioner was credible, noting that the referee's language referred to testimony, not demeanor. We are at a loss to see how a referee could make a more definite and explicit credibility determination on the basis of demeanor. EAB also stated that the referee's reasoning was "circular," because the terms sincere and straightforward are synonymous with credibility. We perceive repetition, not circularity. EAB has not accorded any weight to the referee's decision nor stated precisely what facts led to its credibility determination nor explained its disagreement with the referee. *See Ashmore v. Employment Division, supra; Lewis v. Employment Division, supra; Bremer v. Employment Divison,* 47 Or App 1131, 615 P2d 1170 (1980). The Board's failure prevents us from ascertaining whether its decision to reverse is supported by substantial evidence and precludes meaningful review.

Reversed and remanded for reconsideration.