Submitted on record and petitioner's brief April 3, reversed and remanded for reconsideration June 5, 1985

# DOKE,
*Petitioner,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents.*

## (84-AB-942; CA A32184)

701 P2d 468

Judicial Review from Employment Appeals Board.

Elizabeth M. Doke, filed the brief *pro se* for petitioner.

No appearance for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Claimant seeks judicial review of an order of the Employment Appeals Board reversing the referee and finding that claimant was disqualified from benefits. We reverse and remand for reconsideration.

The issue in this case is the nature of claimant's separation from work. If she was discharged and the discharge was not for misconduct in connection with her work, she would be eligible for unemployment compensation. On the other hand, if she was discharged for misconduct or voluntarily left work without good cause, she would be disqualified from benefits. *See* ORS 657.176(2)(a) and (c). One of the key distinctions between a voluntary leaving and discharge is embodied in OAR 471-30-038(2)(b), which provides:

> "If the employe is willing to continue to work for the same employer for an additional period of time but is not allowed to do so by the employer the separation is a discharge."

At the hearing, the referee made the following findings of fact:

> "(1) Claimant worked for employer from October 24, 1983 through February 3, 1984 as a part time housekeeper cook. (2) Claimant worked not more than 25 hours per week until approximately two weeks prior to March 3, 1984 at which time her hours were reduced to not more than ten hours per week because of her family and school commitments. (3) Employer was reluctant to reduce the hours but decided to try it for a period of time. (4) Claimant was counting on working the ten hours per week and when she worked two and half hours the first week and seven and a half hours the second week she became concerned. (5) She expressed her concerns to employer's secretary and was overheard. (6) Employer felt that the ten hour arrangement was not working and notified claimant she was no longer needed. (7) Claimant and employer had problems on prior occasions and had talked them out."

The referee then concluded that claimant did not voluntarily leave work without good cause, but that she was discharged and that the discharge was not for misconduct in connection with her work. "Claimant wanted to continue to work. She was not allowed to."[1]

---

[1] Regarding claimant's conversation with employer's secretary, which conduct

Employer appealed, and EAB reversed the referee, concluding that "claimant voluntarily left work without good cause." EAB's own findings of fact parallel the referee's, except in one notable particular. It found, contrary to the referee, that "the employer needed someone available for more hours and, because the *claimant could not work as needed,* discontinued the arrangement." (Emphasis supplied.) Because of claimant's supposed unavailability and unwillingness to continue working, EAB disqualified her from benefits. Thus, the case boils down to a single question of credibility. Whether claimant voluntarily left work or was discharged depends on whose version of the circumstances is to be believed.

Claimant testified that the parties had reached an agreement, albeit reluctantly on the employer's part, whereby she would work for ten hours a week and that she needed and was available to work for a full ten hours during her last two weeks of employment. It is clear from his findings that the referee accepted claimant's version of the facts. It is equally clear that EAB chose not to believe claimant and accepted the employer's testimony that claimant was not willing to work the reduced hours which had been mutually agreed upon. What is not clear from this record is why EAB ignored the referee's evaluation of claimant's credibility as a witness.

■■ It is clear from the referee's decision that he determined claimant's testimony to be more believable. When EAB reverses a referee's credibility decision, it must explain why, state precisely what it found to be the facts and explain how those facts lead it to a conclusion different than the referee's. *Hill v. Employment Division,* 73 Or App 422, 698 P2d 1010 (1985); *Rulien v. Employment Division,* 70 Or App 703, 690 P2d 530 (1984); *Derochier v. Employment Division,* 70 Or App 521, 690 P2d 519 (1984); *Ashmore v. Employment Division,* 70 Or App 516, 590 P2d 522 (1984); *Steinkellner v. Employment Division,* 67 Or App 50, 52, 676 P2d 941 (1984); *Lewis v. Employment Division,* 66 Or App 303, 673 P2d 1376 (1984); *Petro v. Employment Division,* 32 Or App 17, 573 P2d 1250 (1978); *see also Allen v. Employment Division,* 73 Or App 426,

---

was very disturbing to employer, the referee concluded that the discussion may have been inappropriate but that it did not rise to the level of disqualifying "wilful misconduct."

698 P2d 1009 (1985); *Brewer v. Employment Division,* 47 Or App 1131, 615 P2d 1170 (1980); *McMann v. OLCC,* 27 Or App 487, 556 P2d 973 (1976), *rev den* (1977). If that is not done, as it was not done here, there is no way for us to ascertain whether EAB's decision to reverse is supported by substantial evidence.[2]

Reversed and remanded for reconsideration.

---

[2] One of the EAB members dissented, concluding, as did the referee, that claimant was willing to continue work. The dissenter also noted that, even if the work separation is not viewed as a discharge, there is a sufficient showing that claimant had good cause for a voluntary leaving, based on her move to join her spouse, necessitating a 25-mile commute.