Argued and submitted May 6, reversed and remanded July 17, 1985

de ST. GERMAIN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(84-AB-1313; CA A33462)

703 P2d 986

Mark B. Williams, Portland, argued the cause for petitioner. With him on the brief was Amy Veranth, Portland.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Kelly Health Care, Inc.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is the kind of case which generates a judicial version of the primal scream. Petitioner, a certified nursing assistant, seeks judicial review of an order of the Employment Appeals Board which affirmed and adopted an order of a referee denying him unemployment compensation benefits on the ground that he voluntarily left work without good cause. Petitioner urges five assignments of error, most of which are well taken. We reverse.

This case began to leave the tracks at an early administrative level, never to right itself. Petitioner, who worked for some years as a health care professional for Kelly Health Care, Inc., separated from work for that employer in June, 1984. The causes of and reasons for the separation are the principal issues in this case. Petitioner sought unemployment compensation benefits. The employer apparently objected. The Employment Division, by an administrative determination dated July 20, 1984, denied benefits, stating the following "findings of fact":

"1. You were employed by Kelly Health Care from October, 1981, until June 21, 1984.

"2. You left work rather than comply with your employer's requirements for the position.

"3. You had been notified that your behavior was not acceptable and you must modify it, but you indicated that you could, or would not do so."

From the foregoing, the Division then reached the following "conclusion and reasons": "Your employer made a reasonable request that you were unwilly [sic] to comply with."

Petitioner sought a hearing. The referee issued a decision, stating in pertinent part:

"FINDINGS OF FACT: (1) [Petitioner] was employed from October, 1981 until June 25, 1984. (2) On or about June 26, 1984, he requested removal from the live-in position of certified nursing assistant. (3) He had been experiencing problems with kidney stones. (4) The possibility of an attack while at work was a concern of [petitioner]. (5) The employer had an on-call coordinator to handle emergencies. (6) He had the opportunity to continue working for the employer on day-to-day temporary assignments. (7) He turned down the offer June 26, 1984, of the one-day assignment because of concerns

regarding lifting. (8) Contact regarding other work has not been made after June 26.

"CONCLUSION AND REASONS: [Petitioner] voluntarily left work without good cause.

"OAR 471-30-038(4) states that 'good cause' for voluntarily leaving work is '[S]uch that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work.'

"[Petitioner] has not established compelling reasons for removal from the live-in position. Continued work was available albeit in other than live-in. The voluntary leaving is not for good cause."

EAB adopted the referee's opinion as its own. This petition for judicial review followed.

■ We consider petitioner's assignments of error in the order in which he asserts them.[1] He first argues that EAB erred in disqualifying him from benefits without making a specific finding on credibility. The case in fact hinges on credibility. If petitioner is believed, he never requested that he be removed from his last work assignment, but merely indicated a preference for other work. He testified that he was willing to continue work with his current assignment and planned to return after his normal days off. Petitioner's testimony is to the effect that, after his days off, he was called into the office and told that he was being terminated because, among other things, he had been making claims for unemployment compensation. According to him, he never refused an offer of work. These facts, if believed, could lead only to the conclusion that petitioner was discharged, but not for misconduct. ORS 657.176(2)(a); OAR 471-30-038(1), (3).

■ On the other hand, if employer's witness is believed, petitioner requested that he be relieved from his last assignment. Employer's witness testified that employer then made an offer of other work to petitioner, which petitioner refused. Employer's witness contended that employer never mandated

---

[1] The balance of this opinion is drawn in significant part from the helpful brief filed by petitioner.

petitioner's termination and that continued work was available, which he declined to accept. These facts, if believed, could reasonably lead to a conclusion that petitioner quit work voluntarily without good cause.

■      This court has held, time and time again, that, in a case hinging on credibility, the referee *must* make explicit, reasoned, logical credibility findings, including a designation of the evidence on which he relies in reaching his decision; failure to do so requires remand. *Derochier v. Employment Division,* 70 Or App 521, 690 P2d 519 (1984); *Ashmore v. Employment Division,* 70 Or App 516, 690 P2d 522 (1984); *Steinkellner v. Employment Division,* 67 Or App 50, 676 P2d 941 (1984); *Lewis v. Employment Division,* 66 Or App 303, 673 P2d 1376 (1984); *Petro v. Employment Division,* 32 Or App 17, 573 P2d 1250 (1978).

Petitioner next argues that there is no substantial evidence to support the referee's finding of fact that "employer had an on-call coordinator *to handle emergencies*" (emphasis supplied) or the conclusion which followed from it that petitioner did not have good cause to leave work. The pertinent standard for review is found in ORS 183.482(8)(c), which provides: "The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record." "Substantial evidence" is " ' "such proof as a reasonable mind would employ to support a conclusion" * * *.' This means more than 'any evidence,' a scintilla of evidence, or speculation." *Cantrell v. Employment Division,* 24 Or App 215, 217, 545 P2d 143 (1976). (Citations omitted.)

ORS 657.176(2)(c) provides that an individual shall be disqualified from the receipt of unemployment benefits if the individual voluntarily left work without "good cause." The Division has defined "good cause" by administrative rule. OAR 471-30-038 provides, in relevant part:

"(4)   Good cause for voluntarily leaving work under ORS 657.176(2)(c) is such that a reasonable and prudent person of normal sensitivity, exercising ordinary common sense, would leave work. The reason must be of such gravity that the individual has no reasonable alternative but to leave work."

Just before his dismissal, petitioner was experiencing "horrible" pain due to a kidney stone. Employer was aware of his medical problems and apparently did not believe that he

was exaggerating his condition. Petitioner was concerned about what might happen to his patients if he had an attack and therefore requested that he be removed from his live-in position of nursing assistant. Employer then offered petitioner one day of work which required lifting of patients. Petitioner testified that he turned down that offer for "medical reasons"—lifting was likely to be more difficult (if not impossible) due to the kidney stone condition.

■        Petitioner testified that, on at least two occasions, there had been no substitute nurse available to take his place. Employer did not dispute that testimony and stated only that it had an "alcohol coordinator * * * who takes all calls and forwards them to on-call." The evidence shows that, although there may have been someone for petitioner to call in the event of an emergency, there was not necessarily any substitute available "to handle" the emergency. There is, therefore, no evidence to support the referee's implied conclusion that petitioner's fear that he would either be stranded at a patient's home or forced to leave his patient without care was unreasonable.

■        Accepting the employer's version of petitioner's job separation, the facts show that he was both unable to perform the live-in assignment due to his health and unwilling to violate his conscience by subjecting his patient to a very real risk of being left with no care whatsoever. If a reasonable and prudent person of normal sensitivity, acting under common sense in such circumstances, would not seek to leave such work, EAB has yet to demonstrate why. *See, e.g., Lively v. Employment Division,* 68 Or App 46, 680 P2d 391 (1984); *Sothras v. Employment Division,* 48 Or App 69, 616 P2d 524 (1980). Petitioner's second assignment of error is, therefore, well taken.

Petitioner next assigns error to the referee's alleged failure to explain why the facts found lead to the conclusions he reached; petitioner also argues under this assignment that an essential finding of fact is missing from the order.

Oregon's appellate courts have long held that an administrative agency decision must clearly and precisely state what it finds to be the facts and why those facts rationally lead to the decision it makes. We recently restated

this doctrine in *Trebesch v. Employment Division,* 68 Or App 464, 467, 683 P2d 1018, *rev allowed* 297 Or 824 (1984):

> "The Supreme Court and this court have iterated and reiterated, time and time again, that an agency deciding a contested case must demonstrate for the contestants and this court that its findings lead to a *reasoned* conclusion. *See, e.g., Springfield Education Assn. v. School Dist.,* 290 Or 217, 228, 621 P2d 547 91980); *Ross v. Springfield School Dist. No. 19,* 294 Or 357, 657 P2d 188 (1982); *Spray v. Bd. of Medical Examiners,* 50 Or App 311, 624 P2d 125, *modified* 51 Or App 773, 627 P2d 25, *rev den* 291 Or 117 (1981); *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975). Moreover, by fair intendment, the Administrative Procedures Act directs that that be done. ORS 183.470.

> "The absence of a demonstrably reasoned conclusion would ordinarily require a reconsideration by EAB."

The referee's entire expressed reasoning in this case is:

> "Claimant has not established compelling reasons for removal from the live-in position. Continued work was available albeit in other than live-in. The voluntary leaving is not for good cause."

■ We note, first, that the statement that "continued work was available" to petitioner, "albeit in other than live-in," is apparently made as a justification for the conclusion that petitioner did not establish compelling reasons for removal from the live-in position. That is not a reasoned conclusion, because the alleged availability of work in other than live-in positions has no rational relationship to the determination of whether petitioner had good cause to request removal from the live-in position.

■ As to his conclusion that petitioner did not establish "compelling reasons to leave work," the referee made no attempt whatsoever to explain why petitioner's alleged reasons for wishing to leave the live-in position were not compelling. Was it, for example, that the referee disbelieved the seriousness of petitioner's allegations of pain and health problems? Was it that the referee believed petitioner's allegations, but thought that they would not cause petitioner any problems in the live-in position? Was it that the referee believed that a substitute health care professional would have been available if petitioner were forced to leave a home care assignment to go to an emergency room? Without some

rational explanation of why petitioner's reasons for leaving the live-in position were not "compelling," petitioner and this court can only guess at what the referee was thinking. Under these circumstances, the referee's decision, as adopted by EAB, lacks the reasoning required by law, and petitioner is entitled to a remand for reconsideration and a reasoned opinion.

■ ■ Petitioner further argues that the referee made no findings and no conclusions on petitioner's allegation that he was discharged because he had been receiving unemployment compensation. Without some findings and conclusions on this allegation, petitioner and this court are once again left to guess what weight, if any, this matter was given. The referee is required to consider all pertinent issues, including issues raised by the petitioner. Here, he did not do so. This error also requires remand. *See Exton v. Employment Division,* 74 Or App 288, 702 P2d 1153 (1985); *Frank v. Employment Division,* 57 Or App 646, 646 P2d 70 (1982).

■ Petitioner next argues that the referee and EAB lacked authority to find that petitioner voluntarily quit work without good cause when the administrative decision which gave rise to the subsequent proceedings did not so find. Petitioner's point is well taken. *See Chapman v. Employment Division,* 62 Or App 676, 662 P2d 19, *rev den* 295 Or 730, 731 (1983); *Swezey v. Employment Division,* 47 Or App 923, 615 P2d 1103 (1980); *Kuraspediani v. Emp. Div.,* 38 Or App 409, 413, 590 P2d 294 (1979). At least, it appears to be fair to state that the case, as it was ultimately analyzed by the referee, differed substantially from the bare outline of the reasons for disqualification which were first advanced by the Division. We note, however, that we do not believe that this error requires that the Division issue a new disqualification decision. Whatever notice petitioner may have had at the time of the original hearing, on remand he has had sufficient notice as to the actual issues to be litigated; requiring the issuance of a new administrative determination would serve no purpose.[2]

---

[2] Because there must be a new hearing, it is unnecessary for us to deal with petitioner's final assignment of error, which argues that the referee and EAB erred by failing to seek out medical evidence and by advising petitioner not to provide such evidence. It is evident that petitioner may wish to offer further medical evidence concerning his condition, in order to bolster his claim that he was unable to perform the work that employer wished him to perform. The new hearing will give him a full opportunity to explore the issue.

Petitioner is, however, entitled to a new hearing—not just reconsideration on the old record.

Reversed and remanded for further proceedings.