Argued and submitted December 30, 1985, reversed and remanded for reconsideration
February 12, reconsideration denied May 23, petition for review allowed June 24, 1986
(301 Or 240)

DENNIS,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION,
*Respondent.*

(85-AB-48; CA A34785)

713 P2d 1079

Lee Ann Ward, Hillsboro, argued the cause for petitioner. With her on the brief was Oregon Legal Services Corporation, Hillsboro.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Petitioner seeks review of an Employment Appeals Board order affirming the denial of unemployment compensation benefits, contending, *inter alia,* that she was denied due process under the Fourteenth Amendment to the United States Constitution, because the hearings officer failed to assist her in developing a record,[1] and that he failed to make express findings of petitioner's credibility regarding her availability to work full-time. We agree and remand.

Petitioner applied for unemployment benefits on October 16, 1984, after being laid off from her part-time job the day before. The application form states "Will you work," followed by nine choices. The applicant is instructed to "check the appropriate boxes." Petitioner, who had been working part-time for the past several years (including the period of time during which she qualified for unemployment compensation), marked the "part-time only" box. On October 30, 1984, a Division representative contacted petitioner by telephone and questioned her about the "part-time only" choice. After that conversation, the representative marked the application "denied" for the week of October 14-20 "and until conditions change." The stated reason for denial was that petitioner was limiting her availability for full-time employment. ORS 657.155 and OAR 471-30-036.[2] Notice of denial was mailed November 2, 1984, which was the first petitioner knew that, to be eligible to receive benefits, she must be seeking and available for full-time employment.

She requested a hearing, which was held on

---

[1] Because we reverse on this basis, we do not address petitioner's other assignments of error.

[2] ORS 657.155(1)(c) provides:

"(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the assistant director finds that:

"(c) The individual is able to work, is available for work, and is actively seeking and unable to obtain suitable work."

OAR 471-30-036(3)(a) provides:

"(3) For the purposes of determining whether or not an individual is available for work under the provisions of ORS 657.155(1)(c), the Administrator shall require at a minimum that the individual:

"(a) Be willing to work full time during all of the usual hours and days of the week customary for the work being sought * * *."

November 26, 1984. Evidence at the hearing included the application form, an Employment Division Form 385 on which the October 30 telephone call and the denial were noted, petitioner's work search record for October 16 through November 9 and the testimony of the involved Division representative and petitioner.

The hearings officer questioned petitioner about the "part-time only" response on the application form, about the October 30 telephone conversation with the Division representative and about some of her job search between October 16 and November 2, 1984. He also questioned her about the child care arrangements for her 21-month-old son. The referee affirmed the administrative decision and determined that petitioner was ineligible from October 14, 1984 through November 17, 1984. That decision was affirmed by EAB, one member dissenting, with the majority adopting the referee's findings and conclusion, including these findings: (1) Petitioner's unemployment compensation application form indicated that she was willing to work part-time only. (2) According to the October 30, 1984, telephone call to petitioner, she was seeking part-time employment only, because she had worked part-time the past few years and because of her 21-month-old son. (3) During the weeks at issue, she had contacted only two employers who had advertised openings, and both involved part-time work. (4) During the weeks at issue, she answered one advertisement in the newspaper for secretarial help and had not used the job referral service of the Employment Division. (5) She had a 21-month-old son who accompanied her to the hearing, and she had not made full-time child care arrangements to prepare for the possibility of accepting full-time work.

An unemployment compensation claimant is entitled, as a matter of due process, to a full and fair hearing on adverse claim decisions. *Babcock v. Employment Division,* 72 Or App 486, 696 P2d 19 (1985). In order to ensure a full and fair hearing, the hearings officer has a duty to "make sure that the claimant is able to present all significant favorable evidence." *Berwick v. AFSD,* 74 Or App 460, 466, 703 P2d 994, *rev den* 300 Or 332 (1985). When the claimant is unrepresented, the hearings officer must assist her by following up potentially favorable lines of inquiry and by helping her to present her evidence in the best light. Although the hearings officer has

broad discretion as to how that duty is carried out, if the officer acts outside the range of that discretion, we may remand for further proceedings. *Berwick v. AFSD, supra,* 74 Or App at 466.

■    The hearings officer in this case acted outside the range of his discretion. When petitioner tried to explain her work search, he did not pursue specific evidence that might have been favorable. The favorable evidence, including explanations of why petitioner had contacted the prospective employers she did, was readily available if she had known how to present it.[3] In addition, although the denial of benefits was for the weeks of October 14 through November 17, 1984, evidence was elicited only for the weeks of October 14 through October 26. The hearings officer heard testimony about only one job contact during the week of October 29 through November 2 and about only one contact from all the following weeks in question. Failure to pursue what might have been favorable evidence covering most of the time for which benefits were denied was an abuse of discretion. Therefore, we reverse and remand for further proceedings.

■■    On remand, petitioner's credibility might again be at issue. The hearings officer's original discussion regarding credibility is inadequate. If credibility is an issue on remand, new findings must be made. The issue at the hearing was whether petitioner was available for full-time work. Petitioner testified that she had been seeking full-time as well as part-time employment. The hearings officer's finding that petitioner was not making herself available for full-time employment necessarily implied that he did not believe her testimony. When credibility decides the case, there must be an express credibility determination. *Allen v. Employment Division,* 73 Or App 426, 698 P2d 1009 (1985).

In the "Conclusions and Reasons" section of the referee's decision, he stated:

> "Even if the claimant did misunderstand the meaning of this question on the claim form [asking whether the applicant

---

[3] The correctness of that observation is borne out by the fact that, on her appeal to EAB, petitioner submitted an extensive and detailed account of each employer she had contacted, including the source for that contact. Most of that information was not a part of the hearing record.

is willing to work, among other choices, part-time only] it is very difficult to believe that she misunderstood the authorized representative during the conversation on October 30, 1984. * * * She testified that she was willing to accept full time work, but her actions to date provide little support for her words."

Petitioner provided a reasonable explanation for marking the "part-time only" box on the application form. Her testimony that she was never informed that a search for part-time work would preclude eligibility was uncontradicted.[4] Her actions, in fact, supported her testimony that, although she *preferred* to work part-time (and, indeed, had qualified for unemployment compensation based on part-time earnings alone), she was also seeking full-time employment.

The hearings officer essentially discredited any employer contacts if the openings had not been advertised. Petitioner said that those contacts were inquiries relating to full-time employment. However, her explanation for contacting employers without advertised openings was also reasonable: she testified that she had been referred to those employers by family, friends and her former employer. The hearings officer failed to explore those contacts or to say why following up on those leads was an unacceptable job search.

■ Finally, the hearings officer found that petitioner had not, at the time of the hearing, made full-time child care arrangements for her 21-month-old son. That finding was based, at least in part, on the fact that petitioner brought her son to the hearing with her.[5] Whether petitioner had child care available the day of the hearing is irrelevant to whether she was available for full-time employment. Petitioner testified that she had child care available on a part-time basis but that she would have to make other arrangements for full-time.

---

[4] We have held that an unemployment compensation claim may not be denied if the applicant did not understand the process. In *Frank v. Employment Division,* 57 Or App 646, 646 P2d 70 (1982), a denial of unemployment benefits based on refusal to accept a "referral" from the Employment Division was reversed. The claimant reasonably had not understood that the "referral" was being made; therefore, refusal to accept it was not a legitimate basis for denial.

[5] The hearings officer found that

"[t]he claimant has a twenty one month old son who accompanied her to the hearing, and she does not yet have full time child care arrangements made, in order to prepare for the possibility of acceptance of full time work."

The fact that petitioner did not yet have a full-time arrangement at a time when she was still unemployed does not support a finding that such arrangements could not be made when necessary.

Reversed and remanded for reconsideration.