Argued and submitted September 13, 1985, reversed and remanded May 14, 1986

RULIEN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(EAB 84-AB-1775, 83-8078P; CA A34558)

719 P2d 62

John Mayfield, Estacada, argued the cause and filed the brief for petitioner.

William F. Gary, Deputy Attorney General, Salem, waived appearance for respondent Employment Division of the State of Oregon.

No appearance was made for respondent Carlton Company. Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

This case is before us a second time. Petitioner seeks review of an order of the Employment Appeals Board (EAB) that denied him unemployment compensation, because he was not "available for work." ORS 657.155(1)(c). We reversed EAB's first order that denied benefits, because it had failed to make adequate findings to support its conclusion that claimant was not credible. *Rulien v. Employment Division*, 70 Or App 703, 690 P2d 530 (1984). We again reverse and remand for reconsideration.

Petitioner was laid off in August, 1983, and applied for unemployment compensation. In September, 1983, he enrolled in Clackamas Community College as a full-time student. He filed a Student Eligibility Questionnaire with the Employment Division, in which he stated, in answer to the question "What would you do about school if you were offered a job that conflicted with your school hours?" that "I would quit school for a suitable job." The Division denied benefits, because it ruled that petitioner was a "full time student and not a bonafide member of the labor force" and "not available for work."[1] *See* ORS 657.155(1)(c); OAR 471-30-036(3).

Petitioner testified before the referee:

"[Referee:] Between the time you started school and through November 12, 1983, if you had found a job which was acceptable to you but which conflicted with school hours, what would you have done about that?

"[Petitioner:] I would have probably * * * quit school to take the job, but I'm not really sure what I would have done. I think I would have probably quit school. We're kind of in a financial bind. But at any rate, even if I had quit school, I would have still continued taking my GI bill and would have just signed up for night classes the next time around. I've got two years left on that. I think I had to use it working or not."

The referee reversed the denial, finding that "should he have found work, claimant was willing to drop or postpone school." Based on petitioner's testimony at the hearing and answers to the questionnaire, he concluded:

"Despite his school attendance, claimant was available for

---

[1] Other reasons that the Employment Division gave for the denial are no longer at issue.

work. This is because claimant persuasively explained that school would not stand in the way of a suitable job. His credibility rests in his consistency. His answers before and during hearing repeatedly showed that, during the issue weeks, school came in second to work."

With one member dissenting, the EAB reversed and made the following findings of fact:

"(1) During the weeks in issue, claimant was attending Clackamas Community College carrying 12 credit hours in an electronics course he hoped to complete within two years. (2) It is doubtful if he would have left school to accept a reasonable offer of suitable work. (3) While attending school the claimant was receiving benefits under the G. I. Bill. (4) During this period he was in a 'financial bind' and did not know if he could continue drawing benefits under the G. I. Bill if classes were dropped to accept work."

Under "Conclusions and Reasons," it stated:

"Beginning with *Petro v. Emp. Div.*, 32 Or App 17, 573 P2d 1250 (1978), the Court has required unequivocal testimony from the claimant that the individual would leave school if necessary to accept work. In the case at hand, the claimant has testified only that he *probably* would have quit school. We do not view this as being an unequivocal assertion that the claimant was seriously in the labor market. * * * The referee specifically found that the claimant was willing to drop or postpone school if he found work. We do not agree that his testimony stating this was only a possibility is sufficient to support that finding. We do not attack claimant's credibility on this issue. *Probably* is not enough." (Emphasis in original.)

EAB has misinterpreted our decision in *Petro*. In that case we reviewed our previous decisions and announced a "more consistent method of adjudicating student-claimant cases."

"First, since credibility is usually of critical importance in such cases, it is necessary in those cases that the referee make an explicit straightforward finding as to the credibility of the claimant, including what evidence he relies on in reaching that finding and the relevance of that evidence. * * * Second, even though the Board reviews the decision of the referee de novo on the record, the Board must accord weight to the referee's evaluation of the claimant's credibility. Thus, if the Board chooses to reverse a referee's grant of compensation after the referee had found the claimant credible it must

'precisely state what it found to be the facts and * * * explain why those facts lead it to the decision it makes.' *Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975). Only in this manner can meaningful review of the Board's decision be made by this court. Our review of the Board's decision would then be whether there is ' "reliable, probative and substantial evidence in the whole record" ' supporting the Board's decision." 32 Or App at 23. (Citations omitted.)

We *disapproved* language in previous decisions which suggested that student status created a presumption of unavailability and that a "claimant's unequivocal, uncontradicted testimony must be supported by other evidence for the claimant to meet his burden and prevail." 32 Or App at 22. Moreover, we did not state in *Petro,* nor have we ever stated, that a claimant *must* give unequivocal testimony in order to prevail. Because EAB misinterpreted our decision in *Petro* and, therefore, "erroneously interpreted a provision of law," ORS 183.482(8)(a), we reverse and remand for consideration.

■■ On remand, the EAB must resolve the question of petitioner's availability "upon consideration of the whole record * * * as supported by, and in accordance with, reliable, probative and substantial evidence." ORS 183.450(5). If EAB concludes that the referee was wrong in deciding that he was available for work, the evidence must support its findings, and its conclusion from those findings must be reasonable. Moreover, it appears that EAB disbelieved his testimony. Its finding of fact that "[i]t is doubtful if [petitioner] would have left school to accept a reasonable offer of suitable work" contradicts its statement that it does not "attack [his] credibility." If EAB reverses the referee's finding that petitioner is credible, it must, as *Petro* requires, "state precisely what it found to be the facts and explain how those facts lead to its conclusion." *See also Rulien v. Employment Division, supra,* 70 Or App at 705; *Derochier v. Employment Division,* 70 Or App 521, 524, 690 P2d 519 (1984); *Lewis v. Employment Division,* 66 Or App 303, 307, 673 P2d 1376 (1984).

Reversed and remanded for reconsideration.