Argued and submitted September 27, reversed and remanded for reconsideration
October 29, 1986

## THOMPSON,
*Petitioner,*

*v.*

## EMPLOYMENT DIVISION,
*Respondent.*

(86-AB-561; CA A40124)

727 P2d 158

George W. Kelly, Eugene, argued the cause and filed the brief for petitioner.

Michael D. Reynolds, Assistant Attorney General, Salem, waived appearance for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks review of an Employment Appeals Board (EAB) order which denied her unemployment benefits on the ground that she was unavailable for work. We reverse and remand.

Claimant worked as a printer. On January 1, 1986, she was temporarily laid off from her job at the Eugene Register-Guard. She enrolled part-time at the University of Oregon. Question 10 of the division's Student Eligibility Questionnaire asked claimant what she would "do about school if [she] were offered work that conflicted with [her] school hours." Claimant answered:

> "If it were a full-time job, I would accept the job and drop my classes."

On January 30, an administrative decision denied claimant benefits on the ground that she was not available for all suitable work, because her class attendance restricted her availability for work. On February 4, claimant requested a hearing and filed an "additional statement" to the effect that she would "accept any work offered at any time regardless of whether it interferes with my school class schedule."

At the hearing, claimant explained her answer to Question 10:

> "A   I would like to make a comment that what I stated on my form here was an answer to question number 10, 'What would I do if I were offered work that conflicted with my school hours?' I stated that — that if it were a full-time job I would accept the job and drop my classes. On the form that I received from the employment office, it incorrectly interpreted that by saying, 'Why you are willing to drop classes in favor of work only if it is on a full-time basis.' and that is not what I said. I did not state in this — in this form what I would do if it were temporary or part-time.
>
> "Q   Okay. But you qualified it by saying if it were full-time work you would accept the job and drop classes.
>
> "A   I — then I would drop my classes. If it's part-time work I make other arrangements.
>
> "Q   What do you mean you make other arrangements?
>
> "A   Well, like having someone take my class for me or I'll

— I — if it is a part-time — if it's part-time work, I make other arrangements with my class in order to accept the work.

"Q   What about tests? Do you — can you take — make other arrangements for your tests?

"A   I haven't had to do that but I'm sure I could.

"Q   Have you talked to a professor about it?

"A   No, because the sit — because the situation has not come up. But I would do whatever I could to do that."

The referee held that claimant was not entitled to benefits, stating:

"Here, claimant indicated she would drop her classes for full-time work only. This statement was not qualified in any way until a written statement was given on February 4, 1986. This qualified statement could only be given in affect [sic] on February 4, 1986 and for subsequent weeks."

The referee did not make an express credibility determination or in any other way explain why he rejected claimant's testimony explaining her answer to Question 10. EAB affirmed, adopting the referee's opinion.

If claimant in fact would have accepted work even if it interfered with her school schedule, then she was available for all suitable work. Even if, as the referee held, claimant's February 4 statement could only be given prospective effect, the referee did not explain why he rejected her testimony explaining her answer to Question 10. That must be done. In *Petro v. Employment Division,* 32 Or App 17, 23, 573 P2d 1250 (1978), we stated:

"[S]ince credibility is usually of critical importance in [student-claimant] cases, it is necessary in those cases that the referee make an explicit straightforward finding as to the credibility of the claimant, including what evidence he relies on in reaching that finding and the relevance of that evidence."

See also *Rulien v. Employment Division,* 79 Or App 340, 344, 719 P2d 62 (1986); *Steinkellner v. Employment Division,* 67 Or App 50, 52, 676 P2d 941 (1984).

Reversed and remanded for reconsideration.